IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNETH DAVID McNELLY,

        Petitioner,

v.                    CASE NO. 17-3141-SAC

SAM CLINE,

        Respondent.

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a petition for habeas corpus filed under 28 U.S.C. §2254. Petitioner proceeds pro se and paid the filing fee. The Court has conducted a preliminary review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Having considered the record, the Court directs petitioner to show cause why this matter should not be dismissed due to his failure to commence this action within the statutory limitation period.

**Background**

Petitioner was convicted in the District Court of Saline County on August 5, 1999, on eight counts of rape and one count each of aggravated criminal sodomy and aggravated indecent liberties with a child. *State v. McNelly*, 227 P.3d 1010, *1 (Table)(Kan.Ct.App. Mar. 26, 2010), *rev. denied* Aug. 8, 2010 (summarizing procedural and factual history).

The conviction was affirmed by the Kansas Court of Appeals on January 11, 2002, and the Kansas Supreme Court denied review on April 30, 2002.

On May 27, 2003, petitioner filed a post-conviction motion under

K.S.A. 60-1507. That matter was summarily dismissed, and it does not appear that petitioner filed an appeal. He filed a second application under section 60-1507 in 2004. Relief again was denied, and petitioner filed an appeal in the Kansas Court of Appeals. That appeal was voluntarily dismissed on April 19, 2005. *McNelly v. State*, 302 O.3d 44, *1 (Table)(Kan. Ct. App. June 7, 2013), *rev. denied*, Nov. 22, 2013 (summarizing case history).

In early 2006, petitioner filed a motion to correct an illegal sentence, and in July 2007, the Kansas Court of Appeals vacated petitioner's sentence and remanded the matter for resentencing. Petitioner was resentenced on April 7, 2008. *Id*.

In 2010, petitioner filed a third motion under K.S.A. 60-1507, which was summarily dismissed. The Kansas Court of Appeals affirmed the dismissal on June 7, 2013, and the Kansas Supreme Court denied review on November 22, 2013.

In 2015, petitioner filed another motion to correct sentence. The Kansas Court of Appeals summarily affirmed the denial of relief, and the Kansas Supreme Court denied review on June 20, 2017.

### Discussion

Petitions for a writ of habeas corpus filed under § 2254 are governed by a one-year limitation period. 28 U.S.C. § 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an

application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

This limitation period is subject to statutory tolling:

The time during which a properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this Subsection.

28 U.S.C. § 2244(d)(2).

In this case, petitioner's conviction became final ninety days after the decision of the Kansas Supreme Court, upon the expiration of the time for seeking review in the United States Supreme Court. *Locke v. Saffle*, 237 F.3d 1269 (10th Cir. 2001). The one-year limitation period began to run on July 30, 2002, and ran until petitioner filed his first action under K.S.A. 60-1507 on May 27, 2003, which tolled the limitation period at 300 days, with 65 days remaining.

It is not clear from the materials available to the Court when petitioner's first action under K.S.A. 60-1507 was dismissed. However, it appears that at the latest, the limitation period began to run again upon the voluntary dismissal of petitioner's appeal from the dismissal of his second action under K.S.A. 60-1507 on April 19, 2005. The limitation period began to run again on April 20, 2005, and expired 65 days later, on June 24, 2005. Therefore, the limitation

period expired before petitioner commenced this habeas corpus action.

The habeas corpus limitation period also may be equitably tolled. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). "[E]quitable tolling requires a litigant to establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)(citations and quotation marks omitted). A petitioner seeking equitable tolling has "a strong burden to show specific fact" to meet the two-part test. *Id.*

**Order to Show Cause**

For the reasons set forth, the Court finds petitioner did not file this petition within the one-year limitation period. Petitioner is directed to show cause why this matter should not be dismissed and to identify any ground for equitable tolling.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including September 25, 2017, to show cause why this matter should not be dismissed due to his failure to timely file the petition.

**IT IS SO ORDERED.**

DATED: This 22d day of August, 2017, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge