IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS


**KENNETH DAVID McNELLY,**

                          **Petitioner,**

              **v.**                          **CASE NO. 17-3141-SAC**

**SAM CLINE,**

                          **Respondent.**


                    **MEMORANDUM AND ORDER**

    This matter is a petition for habeas corpus filed under 28 U.S.C. §2254. By an order entered on August 22, 2017, the Court directed petitioner to show cause why this matter should not be dismissed due to his failure to file the petition within the one-year limitation period in 28 U.S.C. §2244(d)(1) and to identify any ground for equitable tolling. Petitioner filed a timely response.

                         **Background**

    Petitioner was convicted in 1999 of eight counts of rape, one count of aggravated criminal sodomy and aggravated liberties with a child. *State v. McNelly*, 40 P.3d 341 (Table)(Kan.Ct.App. Jan. 11, 2002), *rev. denied*, 273 Kan 1039 (2002). Petitioner's minor daughter was the alleged victim of the charges of rape and aggravated criminal sodomy, and his minor son was the alleged victim of the charge of aggravated liberties with a child.

    At the preliminary hearing, the prosecution called two witnesses, Rory Tillett, an investigator with the Kansas Department of Social Services, and Detective Jack Jackson. Tillett spoke to the two alleged victims and their mother. At the preliminary hearing, the district court stated that it would "disregard" the testimony of

Detective Jackson, noting that he was a family member and that he had conducted a lengthy interview of the petitioner between 4:30 p.m. and 1 a.m. (Doc. 1, pp. 6-7, excerpt of preliminary hearing transcript). The district court found the testimony given by Investigator Tillett established probable cause that the petitioner had committed the acts charged. Prior to trial, the district court granted petitioner's motion to suppress the affidavit of Detective Jackson.

Petitioner argues that because the trial court suppressed the affidavit prepared by Detective Jackson, there was no witness against him, and the state district court lost jurisdiction.

## Discussion

Petitioner does not allege that his petition is timely; rather, he alleges he is entitled to equitable tolling due to a miscarriage of justice at trial and actual innocence.

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar … or expiration of the statute of limitations." *See McQuiggin v. Perkins*, ___ U.S. ___ , 133 S.Ct. 1924, 1928 (2013). A time-barred petitioner asserting a claim of actual innocence must "support his allegations of constitutional error with new reliable evidence – whether it is exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 1935-36 (1995). To prevail under this standard, the petitioner must "demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006). "Simply maintaining one's innocence, or even casting some doubt on witness credibility, does not necessarily satisfy this

standard." *Frost v. Pryor*, 749 F.3d 1212, 1232 (10th Cir. 2014).

Here, petitioner fails to make the necessary showing in support of his claim of actual innocence. He does not provide any new evidence, as required by the *Schlup* standard. Instead, he argues a claim that he unsuccessfully presented in the state district court in his motion to correct an illegal sentence.[1] The Court finds no ground for equitable tolling and concludes this matter must be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed.

**IT IS SO ORDERED.**

DATED:  This 3rd day of November, 2017, at Topeka, Kansas.

                                        S/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge

---

[1] The district court denied the motion to correct illegal sentence, finding it did not allege that the sentence was illegal. (Doc. 3, p. 11, Appellant's brief, Kan. Ct. App. Case No. 15-114,338-A.) The Kansas Court of Appeals summarily affirmed that decision on November 28, 2016, and the Kansas Supreme Court denied review on June 20, 2017. *See* http://tpka-pitss.kscourts.org (on-line records maintained by the Kansas appellate courts).