IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


KENNETH DAVID McNELLY,

                Petitioner,

    v.                              CASE NO. 17-3141-SAC

SAM CLINE,

                Respondent.


**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. On November 11, 2017, the Court dismissed this matter, finding the matter was not timely filed and that petitioner had shown no ground for equitable tolling.

On November 16, 2017, petitioner filed a motion to alter or amend judgment (Doc. #6) and a Notice of Appeal (Doc. #7). On November 24, 2017, the Tenth Circuit abated the appeal pending this court's decision on whether a certificate of appealability should issue in this matter and for a ruling on petitioner's motion to alter or amend.

**The motion to alter or amend**

Plaintiff's motion to alter or amend alleges error in the background information described by the Court; he also claims he has newly-discovered evidence in support of his claim of actual innocence.

A motion to alter or amend must be filed no later than 28 days following the entry of judgment. Fed.R.Civ.P. 59(e). The Court may grant relief where the moving party shows "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.

2000).

The remedy provided by Rule 59(e) is "extraordinary" and "is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." *Syntroleum Corp. v. Fletcher Int'l, Ltd.*, 2009 WL 761322 *1 (N.D. Okla. Mar. 19, 2009).

Petitioner first asks the Court to correct an error in the factual background of his case. However, the information stated by the Court appears in the brief prepared by petitioner's defense counsel and attached to his response to the Order to Show Cause. *See* Doc. 3, Ex. 1, p. 5. Petitioner provides no evidence to the contrary and is not entitled to relief on this argument.

Petitioner also claims that he has obtained a statement from the victim of the crime exonerating him. An equitable exception to the statute of limitations in habeas corpus is available when a petitioner presents new evidence that "shows it is more likely than not that no reasonable juror would have convicted the petitioner." *McQuiggin v. Perkins*, 569 U.S. 383, ___, 133 S.Ct. 1924, 1933 (2013). This showing requires "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

Here, the material petitioner provides is an undated letter[1] that does not provide an adequate basis for a finding that based upon newly-discovered evidence, no reasonable juror would have convicted petitioner. The Kansas appellate decision addressing petitioner's third post-conviction action, filed under K.S.A. 60-1507 in 2010[2],

---

[1] The letter is attached to the Notice of Appeal (Doc. #7).
[2] *McNelly v. State*, 302 P.3d 44 (Table), 2013 WL 2918485 (Kan.App. Jun 7, 2013), rev. denied, Nov. 22, 2013.

reflects that the victim recanted her trial testimony during a hearing on petitioner's second motion for a new trial and that petitioner argued that point on appeal in 2002. *See McNelly*, 2013 WL 2918485 *1 (discussing factual and procedural history of petitioner's criminal case). The letter petitioner now presents concerning the victim's recantation clearly does not constitute newly-discovered evidence.

The Court will deny the motion to alter or amend the judgment.

### Certificate of Appealability

A certificate of appealability (COA) is a prerequisite to appellate jurisdiction in a habeas corpus action. *Lockett v. Trammel*, 711 F.3d 1218, 1230 (10th Cir. 2013). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

As here, when a district court's ruling is based on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds no ground to grant a COA in this matter.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to alter or amend (Doc. #6) is denied.

IT IS FURTHER ORDERED the Court declines to issue a Certificate of Appealability.

The Clerk of the Court shall transmit this order to the parties and to the Clerk of the U.S. Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED.**

DATED:  This 29th day of November, 2017, at Topeka, Kansas.

                                                S/ Sam A. Crow
                                                SAM A. CROW
                                                U.S. Senior District Judge